IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**AARON WHITT,**

    **Defendant.**　　　　　　　　　　　　　　　　**Case No. 07-cr-30118-DRH**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

    Before the Court are several pretrial motions, filed by defendant Arron Whitt (Docs. 13 -17), to which the Government has filed its Response (Doc. 18). The Court will now address Defendant's motions in the order in which they were filed.

**1.　　Motion to Suppress Tape Recorded Telephone Conversations**

    The first motion is Defendant's Motion to Suppress Tape Recorded Telephone Conversations Between Defendant and Confidential Source (Doc. 13). Defendant seeks to suppress these recorded conversations because he did not consent to the recording and states there is no evidence the confidential source ("CS") consented either. Without consent, Defendant asserts such recording is a violation of his rights, pursuant to **18 U.S.C. § 2511(2)(c)**, which makes it unlawful to intercept a wire or oral communication without the prior consent of at least one party to the communication. Defendant also claims this is a violation of his Fifth

Amendment rights.

The Government Responds, stating that prior to the recording of any calls, the CS, in cooperation with the DEA, gave prior consent to the recording of the calls between the CS and Defendant.  Therefore, there is no **18 U.S.C. § 2511(2)(c)** violation.  Further, the Government asserts that Defendant's statements recorded in the calls were not "compelled statements" and therefore, does not fall within the protective ambit of the Fifth Amendment, as Defendant was neither charged nor in custody at the time (Doc. 18, p. 2, citing ***Ohio Adult Parole Auth. v. Woodward*, 523 U.S. 272, 286 (1998); *United States v. Cope*, 312 F.3d 757, 773 (6th Cir. 2002); *Illinois v. Perkins*, 296 U.S. 292 (1990)**).

Because the Government obtained prior consent of at least one party to the recorded conversations – the CS – there has been no violation under **18 U.S.C. § 2511(2)(c)**.  Further, the Court also finds there is no Fifth Amendment violation because Defendant's statements made in the recorded conversations are not considered to be "compelled statements."  **See *United States v. Craig*, 573 F.2d 455 (1977)(rejecting Defendant's contention in his motion to suppress that his recorded conversations with informant violated Defendant's Fifth Amendment rights, as informant had given his prior consent to record conversations)**.  Therefore, Defendant's Motion to Suppress Tape Recorded Telephone Conversations (Doc. 13) is **DENIED**.

2.   **Motion to Suppress Evidence**

Next, the Court turns to Defendant's Motion to Suppress Evidence (Doc. 14). In this Motion, Defendant seeks to suppress both narcotics (including cocaine) and currency seized by law enforcement officers, on the basis that the searches and seizures were unreasonable and in violation of his Fourth and Fourteenth Amendment rights. Defendant further asserts that said evidence was seized without valid warrants. The Government, responding, notes that Defendant fails to identify the particular narcotics or money referred to by his Motion. It also believes it acted properly and in accordance with the law. As for the searches and seizures, the Government states that they were conducted pursuant to search warrants authorized by a United States Magistrate Judge in the Southern District of Illinois, who determined probable cause existed to issue the warrants. Executing three of the four authorized search warrants, the DEA seized a total of approximately 2 kilograms of cocaine and approximately $9,000.00 (Doc. 18, pp. 2-3).

As the Government correctly states, a Judge's decision to issue a warrant is reviewed with "great deference" (Doc. 18, p. 3, citing ***Ornelas v. United States.*, 517 U.S. 690, 698-99 (1996)**). The Court does not see valid reason to question the Magistrate Judge's decision at this time. Further, Defendant's Motion fails to supply the Court with any specific factual details or legal argument, but rather, sounds of a boilerplate motion which the Court does not believe is sufficient to justify an evidentiary hearing. The Motion to Suppress Evidence (Doc. 14) is

therefore **DENIED**.

3. **Motion for Disclosure of the Identity and Location of the Confidential Informant**

Defendant next moves for an order requiring the Government to disclose the identity and location of the confidential informant used in this matter, in order for the Defendant to determine if the search warrant was valid as well as to aid him in preparing his defense, as the informant is considered a "material witness" (Doc. 15). The Government, in its Response, states that it will send information regarding the informant's identity, as well as any information regarding the informant's incentives and criminal history, to Defendant's attorney, and asks that this Motion be found moot (Doc. 18, p. 3). As the Government is complying with Defendant's request, a court order requiring such compliance is not necessary at this time. Thus, Defendant's Motion for Disclosure (Doc. 15) is found to be **MOOT**.

4. **Motion to Require Prosecution to Reveal Agreements or Concessions with Witnesses**

Defendant's fourth pretrial motion seeks a court order directing the Government to reveal "the substance of any and all statements, agreements, offers or discussions had with any of the government witnesses or any such person's counsel indicating a promise or a suggestion of leniency, compensation, assurance not to prosecute, assurance to proceed on only certain causes or counts or an indictment or upon lesser or reduced charges, or any other offer of benefit accruing to said individual whatsoever in exchange for his cooperation, assistance or

testimony in the trial herein" (Doc. 16, p. 1).  In response, the Government states that it is not aware of any agreements with government witnesses, but will provide the requested information to Defendant's attorney if it should enter into any such agreements with government witnesses (Doc. 18, p. 3).  It therefore requests the Court find Defendant's Motion moot.  As the Government has expressed that it will comply with Defendant's request if the situation so arises, a court order requiring such compliance is not necessary at this time.  Thus, Defendant's Motion to Require the Prosecution to Reveal Any Agreements or Concessions with Witnesses (Doc. 16) is also found to be **MOOT**.

5.      **Motion for Law Enforcement Agents to Retain Rough Notes**

Lastly, Defendant has filed a Motion (Doc. 17) seeking a court order requiring all government law enforcement agents participating in the investigation leading up to the indictment and arrest of Defendant in this matter to retain and preserve all rough notes, regardless of whether these notes are made part of the official records.  The Government points out that contrary to the non-binding case law cited by Defendant, the Seventh Circuit does not find that the *Jencks* Act requires rough notes made in the course of the investigation to be preserved beyond their use in preparing the officer's interview reports (Doc. 18, p. 4, citing **United States v. Harris, 542 F.2d 1283, 1292-93 (7th Cir. 1976)**).  Additionally, the Government notes that when considering what was considered to be *Jencks* Act material, the Seventh Circuit held that "[a]gent notes and summaries of witness

statements that are neither adopted by the witness nor substantial verbatim recitals of what the witness said are deemed unreliable under the statue and need not be produced" (Doc. 18, p. 4, citing **United States v. Morrison, 946 F.2d 484, 494-95 (7th Cir. 1991)**).  Defendant's Motion (Doc. 17) is clearly controverted by binding Seventh Circuit case law and thus, must be **DENIED**.

    **IT IS SO ORDERED**.

    Signed this 14th day of November, 2007.

    /s/      DavidRHerndon
    **Chief Judge**
    **United States District Court**